```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF PENNSYLVANIA


WILLIAM M. FRANCESCONE,         )
                                )
            Plaintiff           )
                                )
      vs.                       )    Civil Action No. 03-324
                                )    Judge Joy Flowers Conti/
FIRSTENERGY CORP.,              )    Magistrate Judge Sensenich
PENNSYLVANIA POWER COMPANY,     )    Re:  Docs. No. 36, 42
OHIO EDISON COMPANY,            )
FIRSTENERGY SEVERANCE BENEFITS  )
PLAN, and SEVERANCE PLAN        )
COMMITTEE,                      )
            Defendants          )
```

MEMORANDUM ORDER

On March 19, 2003, this case was referred to United States Magistrate Judge Ila Jeanne Sensenich for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(1)(A) and (B), and Rules 71.1.3 and 72.1.4 of the Local Rules for Magistrates.

The magistrate judge's report and recommendation, filed on May 26, 2006, recommended that Plaintiff's motion for partial summary judgment be denied and that Defendants' motion for summary judgment be granted. The parties were allowed ten (10) days from the date of service to file objections. Service was made on all parties via CM/ECF. Plaintiff filed objections to the report and recommendation on

June 12, 2006 and Defendants responded to Plaintiff's objections on June 19, 2006.[1]

In his objections, Plaintiff disputes the magistrate judge's finding that he admitted in his deposition testimony that he was never told his salary would decrease.  Additionally, Plaintiff contends that the fact that Defendants re-offered the position of Customer Service Specialist-B to him at an increased salary can lead only to the conclusion that his salary had already been reduced when he was demoted.  He cites to his deposition testimony at pages 37, 50-53, and 74-75, to support his contention that when he was informed that Defendants made a mistake promoting him to the Customer Specialist-A position, he was told he would be demoted to a Customer Specialist-B position that would result in a return to his previous wage of $45,443.00.  Review of Plaintiff's testimony reveals the following.  Page 37 addresses his response to Interrogatory No. 2, in which he stated that Ralph Smith would testify that he telephoned him to inform him that "the promotion was a mistake and that [he] would be returned to his previous rate of pay prior to the July 7, 2000 promotion which was a standard rate of $43,138 as a customer service specialist B."  Similarly, at pages 50-53 Plaintiff testified that Mr. Smith told him that he was "going to be a

---

[1] Defendants' response to Plaintiff's objections is technical in nature only, and does not address the substance of his objections.

2

customer service specialist B with a standard rate of not $48,150 but of $43,138.65." Finally, at pages 74-75 of his deposition, Plaintiff testified that Mr. Smith quoted him what his "standard rate would still be, $43,138.65," and at that time he "didn't know what [his] actual salary was." All of the above testimony, however, relates to Plaintiff's standard rate of pay, which is not the criterion on which eligibility for severance benefits was based. This issue was addressed fully in the magistrate judge's report and recommendation. Specifically, eligibility for the severance benefits plan was based on a decrease in an employee's actual salary, and at page 52 of his deposition Plaintiff admitted that nobody told him that his salary of $45,443 was going to be reduced. Moreover, at pages 68-69 of his deposition Plaintiff testified that at no time did he receive a decrease in his actual pay. Accordingly, Plaintiff's objections are unavailing.

      Therefore, after de novo review of the pleadings and documents in the case, together with the report and recommendation, objections, and response to objections thereto, the following order is entered:

      AND NOW, this <u>30th</u> day of <u>June</u>, 2006;

      IT IS HEREBY ORDERED that Plaintiff's motion for partial summary judgment is denied.

   IT IS FURTHER ORDERED that Defendants' motion for summary judgment is granted.

   The report and recommendation of Magistrate Judge Sensenich, dated May 26, 2006, is adopted as the opinion of the court.

          <u>/s/ Joy Flowers Conti</u>
          Joy Flowers Conti
          United States District Judge

Notice sent electronically via CM/ECF to all parties